NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MUYE ZHU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-71497

Agency No. A205-179-211

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Muye Zhu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

factual findings. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We dismiss in part, grant in part, and deny in part the petition for review, and we remand.

We do not consider the materials Zhu references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

We lack jurisdiction to consider Zhu's contentions that he was persecuted on account of an imputed political opinion. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

As to asylum and withholding of removal, the record compels the conclusion that the cumulative harm Zhu suffered in China rose to the level of persecution. *Guo*, 897 F.3d at 1213-17 (finding petitioner suffered past persecution because of his religious beliefs where he was detained, beaten, forced to sign a document promising not to attend a home church, and required to report to the police weekly); *see also Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (totality of the circumstances compelled finding of persecution). Thus, we grant the petition for review as to Zhu's asylum and withholding of removal claims, and remand to the agency for further proceedings consistent with this disposition. *See Guo*, 897 F.3d at 1217; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

18-71497

Substantial evidence supports the agency's denial of CAT relief because Zhu failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Zhu's removal is stayed pending a decision by the Board of Immigration Appeals.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; DENIED in part; REMANDED.**